UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                Criminal Case No. 21-20461
v.                                              Honorable Linda V. Parker

DION DAVIS,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

Defendant stands charged in a six count Indictment with several firearm and ammunition charges, including illegal possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). On July 19, 2021, Magistrate Judge Anthony P. Patti ordered Defendant detained pending trial, finding that he posed a danger to the community and a serious risk of flight. *See* Order, *United States v. Davis*, 21-mj-30341 (E.D. Mich. July 19, 2021), ECF No. 12. The matter is presently before the Court on Defendant's Motion for Revocation of Detention Order. (ECF No. 13.) The Government filed a response to the motion (ECF No. 16), and the Court held a motion hearing on November 1, 2021.

Defendant argues that home confinement and a tether is a sufficient condition to protect the community and assure his presence before the Court.

(ECF No. 13 at Pg ID 47-48.) According to Defendant, he has a two-count case pending in state court for fleeing and eluding and reckless driving for which he has attended all court dates. (*Id.* at 47.) Defendant maintains that home confinement will enable him to care for his newborn daughter, who lives with Defendant's fiancé. (*Id.* at 48.) The Government opposes Defendant's motion, arguing that he poses a danger to the community and is a flight risk. (ECF No. 16 at Pg ID 52.)

### Background

On June 25, 2020, Defendant was arraigned in state court on charges of fleeing and eluding and reckless driving and released on bond. As a condition of his release, Defendant was prohibited from possessing weapons, drinking alcohol, and driving. On June 14, 2021, Defendant's bond was amended to include a GPS tether provision. The charges in state court remained pending as of October 25.

On August 1, 2020, officers observed Defendant driving a Dodge Challenger and drag racing with another vehicle. (*Id.* at Pg ID 60.) The officers began to pursue the Challenger and Defendant parked at a gas station and got out of the vehicle. (*Id.*) Defendant's passenger then got into the driver's seat and fled at a high rate of speed, eventually crashing into another vehicle and killing the driver. (*Id.*) The Challenger was later determined to have been stolen. (*Id.*) Officers recovered two firearms inside the vehicle. (*Id.*)

Later in August 2020, officers responded to a residence in Detroit after receiving reports of a person with a weapon. (*Id.*) When the officers arrived, people scattered in the front yard and some ran inside the residence. (*Id.*) Through a window, officers stated they saw Defendant and another individual attempting to hide handguns in a bedroom closet. (*Id.*) Seven discarded firearms were found in the front and side yards of the residence. (*Id.*) When officers returned with a warrant, they found five additional firearms and a credit card embossing machine inside the residence. (*Id.*)

In March 2021, Defendant allegedly shot a victim outside a gas station in Detroit, striking the victim in the head and hip. (*Id.* at Pg ID 53.) The incident was captured on video. (*Id.*) In late April 2021, Defendant posted a video on social media, in which he displayed two Glock pistols, one of which was equipped with a distinctive red aftermarket laser affixed to the accessory rail, an extended magazine, and a device that converts the pistol into a machinegun. (*Id.* at Pg ID 54; *see also* ECF No. 16-4) On April 30, 2021, federal agents executed a search warrant at a residence in Highland Park where Defendant was present. (ECF No. 16 at Pg ID 54.) There, they recovered a Glock pistol resembling the one in Defendant's video. (*Id.*; ECF No. 16-5.)

A federal criminal complaint and arrest warrant were subsequently issued for Defendant. (ECF No. 16 at Pg ID 54.) On July 18, 2021, when officers

3

attempted to arrest Defendant on the warrant at a car wash, he disobeyed their commands to stop, walked inside the office of the car wash, and discarded a semi-automatic pistol inside. (*Id.* at 54-55.)

Defendant's state court fleeing and eluding and reckless driving charges arose from an incident on April 8, 2020. In that case, when officers approached a vehicle driven by Defendant and occupied by other individuals reportedly armed with weapons, Defendant drove away and led the officers on a car chase for more than three miles, accelerating to speeds over 80 miles per hour in a 35 mile-per-hour zone. (*Id.* at Pg ID 55) Defendant eventually evaded the officers. (*Id.* at Pg ID 56.) This was one of several instances where Defendant was the driver or passenger in a vehicle that led police on a chase when a stop was attempted.

On April 24, 2020, officers approached a vehicle in which Defendant was a passenger and the driver put the vehicle in reverse and fled the scene. (*Id.* at Pg ID 56.) One of the officers was struck with the vehicle mirror. (*Id.*) The officers pursued the vehicle and a high-speed chase followed. (*Id.*) When the vehicle finally came to a stop, the occupants, including Defendant, fled on foot. (*Id.* at Pg ID 57.) Eventually they were detained and arrested. (*Id.*) A firearm was located inside the vehicle, in the area where Defendant had been sitting. (*Id.*)

In 2011, officers attempted to pull over a vehicle believed to be occupied by Defendant. (*Id.* at 58-59.) The vehicle fled at a high rate of speed and was later

4

located at a residence in Detroit, where the officers encountered Defendant. (*Id*. at Pg Id 59.) A 9-mm, 50 round drum magazine was located inside the vehicle. (*Id*.) It was subsequently determined that the vehicle had been stolen. (*Id*.) An AK-47 semi-automatic rifle and a Glock pistol equipped with a 30-round magazine were located nearby. (*Id*.) The Glock pistol was later linked to nine separate crime scenes where shots had been fired. (*Id*.)

On social media, Defendant has posted photographs reflecting that he unlawfully uses controlled substances. (*Id*. at Pg ID 57-58; *see* ECF Nos. 16-6 to 16-10.) He also has posted photographs of himself posing with firearms, including an AK-47 style pistol and a bag containing multiple firearms. (ECF No. 16 at Pg ID 60-62; ECF Nos. 16-11 to 16-14.) Defendant has used social media to offer weapons for sale. (ECF No. 16 at Pg ID 61; ECF Nos. 16-15 to 16-16.)

Defendant is thought to be a member of a criminal street gang. (*Id*. at Pg ID 58.)

## Applicable Law and Analysis

Under the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" A judge's finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C.

§ 3142(f)(2)(B). Risk of flight requires proof by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (citing *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)). However, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. § 3142(f)(2)(B).

"The default position of the law … is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Nevertheless, a defendant may be detained if the government shows that detention is necessary to assure his or her appearance or the safety of the community. *Hinton*, 113 F. App'x at 77 (citing *Cisneros*, 328 F.3d at 616). The court must consider certain factors set forth in § 3142 when deciding whether the government has satisfied its burden. 18 U.S.C. § 3142(g). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The Government has satisfied its burden of showing that Defendant's detention is necessary to protect the safety of the community and assure his appearance before the Court. At the motion hearing, defense counsel noted that

Defendant has no prior felonies.  Even if true, the Government's presentation reflects that Defendant's alleged behavior has raised significant concerns about flight and protection of the community.

While on bond and a tether in the state court criminal proceedings, Defendant has continued to possess weapons, including high-powered firearms such as two rifles with 100 round drums and an AK-57.  Defendant also has used these weapons, allegedly shooting at individuals, and has driven stolen vehicles. There are several instances where Defendant has fled police officers in vehicles under circumstances placing officers and the community at serious risk.

Defendant's inability to stay away from firearms and drugs while on bond in the state court proceedings strongly indicates that he must be detained in these proceedings to protect the community from harm.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Revocation of Detention Order (ECF No. 13) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: November 10, 2021