UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,               Case No. 21-CR-20461
                                          Hon. Linda V. Parker

vs.

Dion Davis,

        Defendant.

---

### Stipulated Preliminary Order of Forfeiture

Plaintiff, by and through its undersigned attorneys, together with Defendant Dion Davis, by and through his attorney, Sanford A. Schulman, submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

Defendant's counsel affirms that he has discussed this Stipulated Order with defendant and that defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

Defendant further acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case and waives his rights to challenge any failure by the Court to advise him of this, under Federal

Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or otherwise, at the time his guilty plea was accepted and his sentence is announced by the Court.

Based upon defendant's guilty plea to Count One of the Indictment, in violation of 18 U.S.C. § 922(o); Counts Two and Five in violation of 18 U.S.C. § 922(g)(3); and Counts Three and Six in violation of 18 U.S.C. § 922(n), the factual basis stated on the record at the plea hearing, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.  As a result of violating 18 U.S.C. § 922(o) as set forth in Count One of the Indictment; violating 18 U.S.C. 922(g)(3) as set forth in Count Two; and violating 18 U.S.C. 922(n) as set forth in Count Three, the defendant shall forfeit to the United States all right, title and interest he may possess in any firearms or ammunition involved in or used in any violation of such offense(s) pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461 including, but not limited to, the following (hereinafter referred to as the "Subject Property"):

    - One (1) Glock GMBH 10mm caliber pistol, model: 20Gen4, S/N: BRYX999, with magazine; and
    - Twenty-nine (29) rounds of 10mm caliber ammunition.

2.  The Subject Property **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461 for disposition

according to law, and any right, title, and interest of defendant, and any right, title, and interest that his heirs, successors or assigns have, or may have, in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. The Subject Property was involved in defendant's violation of 18 U.S.C. § 922(o), 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 922(n), as alleged in the Indictment and is therefore subject to forfeiture under 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461. The requisite nexus exists between the Subject Property and defendant's offense of conviction.

4. The United States will not be seeking a forfeiture order for the Glock 27 Gen4, .40 caliber pistol listed in the indictment. The investigative agency, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has successfully completed the administrative forfeiture of the Glock 27 Gen 4, .40 caliber pistol SN:BMTR696 and 15 Rounds Assorted Ammunition CAL:40.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to defendant at the time entered by the Court but remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

6. The forfeiture of the Subject Property shall be made part of defendant's sentence and included in his Judgment.

7. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may

4

conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

9. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

10. If a third party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Fed. R. Crim. P. 32.2(c)(2).

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

**IT IS SO ORDERED.**

                                                    s/ Linda V. Parker
                                                    LINDA V. PARKER
                                                    U.S. DISTRICT JUDGE

Dated: October 25, 2022

Approved as to form and substance:

DAWN N. ISON
United States Attorney

| S/ Cassandra M. Resposo | S/ Sanford A. Schulman (With Consent) |
|---|---|
| Cassandra M. Resposo | Sanford A. Schulman |
| Assistant United States Attorney | Attorney for Dion Davis |
| 211 W. Fort Street, Suite 2001 | 500 Griswold St, Ste 2340 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| Telephone:  (313) 226-9736 | Telephone:  (313) 963-4740 |
| Cassandra.Resposo@usdoj.gov | saschulman@comcast.net |
| (IL 6302830) | |
| Dated: October 18, 2022 | Dated: October 25, 2022 |